IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ERICA WRIGHT**                                                             **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.:** 5:22-cv-64-DCB-RHWR

**MAGNOLIA HEALTHCARE, INC. D/B/A**
**HAVEN HALL HEALTHCARE CENTER**                         **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Erica Wright, by and through her counsel, Watson & Norris, PLLC, brings this action against Magnolia Healthcare, Inc. d/b/a Haven Hall Healthcare Center, to recover damages for violations of her rights under the Family and Medical Leave Act of 1993 (FMLA), as amended, and the Age Discrimination in Employment Act of 1967, as amended (ADEA). As more specifically set forth below, Plaintiff has been subjected to FMLA retaliation and age discrimination in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Lincoln, is an adult female resident of Lincoln County, Mississippi. Plaintiff is an eligible employee as currently defined by the both the FMLA and ADEA.

2. Defendant, Magnolia Healthcare, Inc. d/b/a Haven Hall Healthcare Center, is a Mississippi corporation that may be served with process by serving its registered agent: C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is a covered employer as currently defined by the FMLA.

**JURISDICTION AND VENUE**

3. This action arises under the Family and Medical Leave Act of 1993 (FMLA)

as amended.

4. This Court has federal question for actions that arise under the FMLA and the ADEA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

6. Plaintiff timely filed a Charge of Discrimination with the EEOC for Retaliation on October 14, 2020, a true and correct copy of which is attached as Exhibit "A." Plaintiff received a Notice of Right to Sue from the EEOC on May 17, 2022, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff is a 58-year-old female resident of Lincoln County, Mississippi.

8. Plaintiff was hired on December 10, 2009, as a Registered Nurse by Magnolia Healthcare, Inc., d/b/a Haven Hall Healthcare Center (MH).

9. MH has over 100 employees working in its Haven Hall location where Plaintiff was employed.

10. In 2011, Plaintiff was diagnosed with the autoimmune condition Systemic Lupus Erythematosus, i.e., "Lupus".

11. In June 2020, as recommended by her treating physician (Dr. Bryan Calcote at Brookhaven Internal Medicine Clinic in Brookhaven), Plaintiff went to Human Resources Manager Michelle O'Neal and requested documentation so that she could apply for intermittent FMLA leave related to the treatment of her lupus.

12. Ms. O'Neal was slow to respond to this request and by mid-August she still had not provided Plaintiff with the requested documentation.

13. On August 14, 2020, at approximately 4:25 p.m., Ms. O'Neal initially presented Plaintiff with the FMLA documentation, but then Ms. O'Neal realized she (Ms. O'Neal) had not completed all the necessary information to be completed on the documentation by the employer.

14. Since it was late in the day, Ms. O'Neal asked Plaintiff to initial the pages but then said she (Ms. O'Neal) would give her (Plaintiff) the completed document to take to her medical provider on Monday (i.e., August 17, 2020).

15. On August 17, 2020, however, Ms. O'Neal did not give Plaintiff the completed FMLA documentation.

16. Ms. O'Neal apparently spoke to Administrator Tasha Mosley about Plaintiff's request for FMLA leave, because on August 18, 2020, Ms. Mosley approached Plaintiff and asked about her request for FMLA leave.

17. Plaintiff explained that she had lupus and she wanted to apply for intermittent FMLA.

18. On August 21, 2020, Ms. Mosley called Plaintiff on the phone (i.e., Plaintiff was off work that day) and informed her that she was terminated.

19. No stated reason was given for the termination.

20. No severance agreement was offered.

21. Plaintiff was not even paid for the outstanding personal leave she had accumulated.

22. After the termination, Plaintiff was replaced by Christina Weathersby (35-year-old female) and Ms. Weathersby was paid $5/hour less than Plaintiff was being paid.

23. On October 14, 2020, Plaintiff filed an EEOC Charge of Age Discrimination.

24. On or around February 18, 2022, in response to Plaintiff's EEOC Charge,

MH provided a Position Statement.

25. MH's Position Statement alleges that after having worked at MH since 2009, Plaintiff's work ethic and demeanor suddenly changed and Plaintiff "began to act in a hostile manner toward both the new administration and her co-workers."

26. Plaintiff adamantly denies the veracity of this characterization, as will be further explained below.

27. MH's Position Statement alleges that Plaintiff made claims that COVID money acquired by MH was not being paid out to employees in a legal manner.

28. Plaintiff allows that she did discuss the question of how COVID money was being dispersed but she denies that her tone or intention conveyed any hostility.

29. Moreover, Plaintiff contends that at times Ms. Mosley shared Plaintiff's frustration at the seeming unfairness as to how COVID funds were unevenly allocated among employees.

30. Plaintiff further contends that the Position Statement misrepresents interactions between she and Social Worker Stacy Edwards.

31. Plaintiff admits that she did send a text to Ms. Edwards referencing a "crackhead", but she denies that Ms. Edwards responded to her with any advising that such a reference was "inappropriate."

32. Moreover, Plaintiff contends that rather than Ms. Edwards complaining about she (Plaintiff) bullying her (Ms. Edwards), it is more likely that she (Ms. Edwards) made these complaints about Ms. Mosley.

33. Plaintiff asserts there were plenty of times she heard Ms. Edwards complain about how Ms. Mosley was piling work on her.

34. Plaintiff denies she ever threw papers or made the statement, "if the bitch

want an answer in 30 minutes, then here it is".

35. Plaintiff also denies, as MH's Position Statement asserts, that after years of performing as a consummate professional she inexplicably became unprepared or acted "inappropriate" or otherwise unprofessional in her interactions with co-workers during weekly meetings.

36. Plaintiff contends she maintained a professional demeanor just as she always has.

37. Plaintiff contends it was Ms. Mosley who displayed unprofessional behavior at times and was clearly threatened by the loyalty and respect Plaintiff had garnered from both co-workers and residents over the course of her long tenure at MH.

38. The odd assortment of complaints in MH's Position Statement is supported by unofficial subjective statements allegedly typed up by Ms. Mosley and Ms. O'Neal.

39. No write ups were issued to Plaintiff.

40. Plaintiff was never asked to sign anything acknowledging any of these alleged incidents.

41. They are merely subjective accounts.

42. Plaintiff contends these accounts of her alleged behavior are at best greatly exaggerated and often simply untrue.

43. For example, Ms. Mosley's affidavit alleges that Admissions Coordinator/Marketer Jane Smith approached her on August 14, 2020 and told her (Ms. Mosley) that Plaintiff had confronted her (Ms. Smith) in a hostile manner.

44. Ms. Smith now denies this alleged interaction.

45. She denies having been confronted by Plaintiff or having reported this allegation to Ms. Mosley.

46. Also, it is notable that MH requested that Ms. O'Neal provide an affidavit to support MH's allegations against Plaintiff, yet Ms. O'Neal refused to comply with that request.

47. Notably, MH's Position Statement gives a false account of what happened regarding Plaintiff's request for FMLA documentation.

48. In contrast to the Position Statement, Plaintiff maintains she first addressed the issue of FMLA documentation with Ms. O'Neal in June 2020.

49. MH's Position Statement then alleges that after Ms. O'Neal completed the employer's portion of the FMLA documents for Plaintiff, Plaintiff decided she no longer wanted the documentation; she (Plaintiff) allegedly just wanted to know if she was eligible for FMLA leave.

50. Plaintiff adamantly denies the veracity of this account.

51. Plaintiff asserts, as noted above, that on August 14, 2020, it was Ms. O'Neal who realized she (Ms. O'Neal) had not completed the employer's portion.

52. Since it was late in the workday (i.e., approximately 4:25pm), Ms. O'Neal told Plaintiff to initial the pages and then she (Ms. O'Neal) would complete it and give the documentation to Plaintiff on the following Monday (August 17, 2020) so she (Plaintiff) could then take the documentation to her medical provider.

53. However, Ms. O'Neal never gave Plaintiff the completed FMLA documentation.

54. Then, following Ms. Mosey asking Plaintiff why she needed to take FMLA leave on August 18, 2020, Ms. Mosley informed Plaintiff she was terminated on August 21, 2020.

## CAUSES OF ACTION

## COUNT I:  VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA) - RETALIATION

55. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 54 above as though specifically set forth herein.

56. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

57. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

58. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff.  As a result of this conduct, liquidated damages should be assessed against Defendant.

59. Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

## COUNT II:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

60. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 59 above as though specifically set forth herein.

61. Defendant unlawfully discriminated against Plaintiff because of her age, (58), in violation of the Age Discrimination in Employment Act of 1967.

62. At age 58, Plaintiff was in the protected age category of the ADEA and Plaintiff was more than qualified for her position as Registered Nurse for the Defendant.

63. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

64. Plaintiff was terminated and replaced by a Christina Weathersby, a substantially younger female (35 years old).

65. The unlawful actions of the Defendant complained of above were willful and intentional thus entitling Plaintiff to liquidated damages under the ADEA.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA and ADEA; and
7. Such further relief as is deemed just and proper.

THIS the 27th day of July 2022.

Respectfully submitted,

ERICA WRIGHT, PLAINTIFF

By: /s Louis H. Watson, Jr.
LOUIS H. WATSON, JR.  (MB# 9053)
NICK NORRIS (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Jackson, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com